# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| PATRICK S. TOWNZEN | : | DOCKET NO. 2:06-cv-1286 |
| --- | --- | --- |
| | | Section P |
| VS. | : | JUDGE TRIMBLE |
| TONY MANCUSO, ET AL. | : | MAGISTRATE JUDGE WILSON |

## ORDER TO SHOW CAUSE

Currently before the court is a "Motion for Protective Custody" [doc. 2] filed by *pro se* plaintiff, Patrick S. Townzen. By this motion, the plaintiff seeks to be placed in protective custody and/or transferred to another facility until his civil rights case is resolved.

In his motion, the plaintiff states that on August 4, 2006, he requested that his application to proceed *in forma pauperis* in federal court be routed to the administrative office at Calcasieu Parish Correctional Center in order for that department to fill out the necessary portions of his application. At that time, plaintiff states that he was housed with inmates who have charges similar in nature to his own charges. However, later that day, after the administration became aware of plaintiff's pending federal civil rights case, he states that he was transferred to C-8, the "murder tier", where he is currently housed with inmates who have been charged with murder of some degree. He claims that as a result of this retaliatory act by the prison officials his life has been threatened on a daily basis. Plaintiff requests that he be placed in protective custody or transferred to another prison facility until this case has been resolved.

The law is clear that prison officials may not retaliate against an inmate for exercising his

right of access to the courts or using the grievance system. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006); *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir.1995); *Gibbs v. King,* 779 F.2d 1040, 1046 (5th Cir.); *Gray v. Thompson,* 2002 WL 1544867, *3 (N.D.Tex.,2002). An action motivated by retaliation for the exercise of a constitutional right is actionable even if the complained of action might have been legitimate if taken for a different reason. *Woods v. Smith,* 60 F.3d at 1165. In order to state a claim for retaliation, a prisoner must allege facts to show (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act[1], and (4) causation. *McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir. 1998); *Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir. 1997); *Woods v. Smith,* 60 F.3d 1161 (5th Cir. 1996). To support his claim, the inmate must produce direct evidence of retaliatory motivation or "'allege a chronology of events from which retaliation may be plausibly inferred.'" *Id.*, quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988). Liberally construing the facts alleged by the plaintiff, the court finds that he has alleged a chronology of events from which retaliation may be plausible inferred.

In order to determine what action should be taken with respect to the plaintiff's motion, the court will allow the Warden an opportunity to state his position with respect to the plaintiff's allegations.

ACCORDINGLY,

**THE CLERK OF COURT IS DIRECTED** to mail a copy of the plaintiff's motion and a copy of this order by certified mail to Warden Daniel Burkhalter at 5410 E. Broad Street, Lake

---

[1]In interpreting the third prong of this test, the Fifth Circuit has recognized that transferring an inmate to a more violent section of the prison was sufficient to support a retaliation claim. *Morris v. Powell*, 449 F.3d 682, 685 (5th Cir. 2006); *Parker v. Carpenter*, 978 F.3d 190, 192-93 (5th Cir. 1992).

Charles, LA 70615.

**IT IS ORDERED** that the Warden show cause why an injunction should not issue in this case directing the prison officials at the Calcasieu Parish Correctional Center to place plaintiff in protective custody or otherwise transfer him from C-8. The warden shall file a response to the plaintiff's motion within ten (10) calendar days of the date of this order. Thereafter, the plaintiff shall have ten (10) calendar days to file any reply he wishes to have the court consider.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, August 31, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE