## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | |
|---|---|
| **PATRICK W. TOWNZEN, SR** | **CIVIL ACTION NO. 06-1286-LC** |
| **VS.** | **SECTION P** |
| **TONY MANCUSO, ET AL** | **JUDGE TRIMBLE** |
| | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is Patrick Townzen's *pro se* civil rights (42 U.S.C. § 1983) complaint filed *in forma pauperis* on July 26, 2006. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and is incarcerated at Calcasieu Correctional Center (CCC) in Lake Charles, Louisiana. As his defendants herein, plaintiff names the following: Calcasieu Parish Sheriff Tony Mancuso; Lake Charles American Press, Inc.; television news reporter Rhonda Kitchens; and, an individual from the classified department of the Lake Charles American Press identified only as Kelly.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff makes two basic claims in this matter, to wit, tortious interference with his business and defamation. More specifically, he states that in the first week of November 2005, he ran an advertisement in the Lake Charles American Press ("the Press") wherein he promoted a roofing special on behalf of his business. The following week, plaintiff states that defendant Mancuso authorized the running of a negative ad about his business, which ran on Channel 7-

KPLC. Plaintiff claims that at the time, there were no criminal complaints against him or his business. Thereafter, in the second week of December 2005, plaintiff states that he contacted defendant Kelly in the classified department of the Press in order to re-run the ad but was told that defendant Mancuso, through one of his deputies, had instructed the Press not to run any more of plaintiff's advertisements. Plaintiff states that the Press complied and refused to put his ad in the paper. As a result of the above, plaintiff seeks compensatory and punitive damages from the negative television ad run by defendants Kitchens and Mancuso; damages for the loss of business that his company suffered as a result of defendants' actions; damages for the injury to his reputation; and, damages for the violation of his right to run the advertised by the Press and defendant Mancuso.

## LAW AND ANALYSIS

### Frivolity Review

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court is obliged to dismiss the case at any time if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B); 28 U.S.C.A. § 1915A; 42 U.S.C.A. § 1997e(c). A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under §

1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996).

**A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation** and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). See *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ]."). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint presents the best case which could be presented by plaintiff under the circumstances. Thus, the court is convinced that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should be dismissed with prejudice.

### No Deprivation of a Federal Right

Section 1983 provides civil remedies for deprivations of rights established under the

Constitution or federal laws. *Hernandez ex. Rel. Hernandez v. Tex. Dep't of Protective & Regulatory Servs.,* 380 F.3d 872, 879 (5th Cir. 2004). "Thus, an underlying constitutional or statutory violation is a predicate to liability under § 1983." *Harrington v. Harris,* 118 F.3d 359, 365 (5th Cir. 1997). In the present case, plaintiff seeks to base his § 1983 claims on defendants' alleged violations of state tort law. Specifically, plaintiff claims that defendants violated § 1983 by committing the state law torts of interference with business and defamation[1]. However, "it is fundamental to our federal jurisprudence that state tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a **federal** right. *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (emphasis added). See also, *Dibrell v. Huber,* 2006 WL 14570 (S.D. Texas 2006). Plaintiff's claims herein simply are not actionable.

## No State Actor
### (Defendants Kitchen, Kelly, and the Press)

Additionally, plaintiff's claims against defendants Kitchen, Kelly, and the Press are not cognizable under § 1983. More specifically, as previously stated, "[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir.1999). "To state a claim under § 1983, a plaintiff must allege the **violation of a right secured by the Constitution** and laws of the United States, and must show that the alleged deprivation was committed **by a person acting under color of state law**." *West v. Atkins*, 487 U.S. 42, 48, 108

---

[1] Injury to reputation alone does not give rise to § 1983 liability. See, *Smith v. Olivarez,* 2005 WL 2405926 (S.D. Tex. 2005). A damaged reputation does not implicate any liberty or property rights sufficient to invoke § 1983, *Geter v. Fortenberry,* 849 F.2d 1550, 1556 (5th Cir. 1988). An individual's interest in his reputation is a matter of state tort law, and is not cognizable under § 1983. *Paul v. Davis,* 424 U.S. 693, 711-12, 96 S.Ct. 1155, 47 L.Ed. 2d 405 (1976).

S.Ct. 2250, 101 L.Ed.2d 40 (1988)(emphasis supplied). See also, *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978)("In order to recover under §1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law).

In order to prove the deprivation of a right protected by Constitution, a plaintiff must prove state action. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995). Under the "color of state law" requirement, the defendants in a § 1983 action must have committed the complained-of acts in the course of their performance of duties and have misused power that they possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944)(plurality opinion). In the present case, Lake Charles American Press, Inc.; television news reporter Rhonda Kitchens; and, the individual from the classified department of the Lake Charles American Press identified only as Kelly, are certainly not "state actors" as defined above. Consequently, plaintiff's claims against these defendants lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, November 1, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE